# HUTCHINS v. DANTE.

---

APPEAL AND ERROR; APPEALABLE ORDERS.

1. The rule that statutes relating to appeals are not to be narrowly construed, as they are remedial in their nature, cannot be successfully resorted to in this court to defeat a motion to dismiss an appeal on the ground that the order appealed from is not a final one, as appeals to this court are allowed by statute from interlocutory orders in the discretion of the court whenever it is made to appear to the court upon petition that it will be in the interest of justice to allow such an appeal.

2. An order of the equity court authorizing a court trustee to loan one of the parties a given sum of money on her note secured by her interest in the estate, which is under the control of that court, is not a final order, and is not appealable without special leave of this court. (Construing sec. 7 of the act of Congress of February 9, 1893, 27 Stat. at L. 435, chap. 74, relating to appeals to this court.)

No. 3052.   Motion to dismiss or affirm submitted November 8, 1917.
Dismissed November 17, 1917.

HEARING on a motion to dismiss an appeal.      *Granted.*

The facts are stated in the opinion.

*Mr. J. C. Gittings* and *Mr. Geo. E. Sullivan* for the motion.

*Mr. Chas. H. Merillat* and *Mr. Henry E. Davis* opposed.

Mr. Chief Justice SMYTH delivered the opinion of the Court:

The court below made an order authorizing William J. Dante, trustee, to loan to Mrs. Hutchins $10,000 on her promissory note secured by her interest in the estate of her late husband, Stilson Hutchins, which is under control of the court making the order. The appellant Walter Stilson Hutchins, stepson of Mrs. Hutchins, brings the order here for review, and

Mrs. Hutchins moves to dismiss or affirm on the ground, among others, that the order is not final nor such an interlocutory order as may be appealed as a matter of right under the statute.

We think it is not final according to any definition of the term. It does not finally dispose of the rights of any person to the money covered by it. This is obvious. Nor does it fall within the purview of that part of the statute relating to appeals from interlocutory orders which provides that appeals shall be allowed from such orders "whereby the possession of property is changed or affected; such as orders for the appointment of receivers, granting injunctions, dissolving writs of attachment, and the like." [27 Stat. at L. 436, chap. 74, sec. 7.] This only refers to questions in which the right to the possession of property is involved. In no true sense can it be said that such a right is involved here. What the appellant complains of is that the security taken by the trustee under the direction of the court is not sufficient, for we do not understand that he denies the right of the court to authorize the investment of the funds in question. In saying this, we do not forget the rule that statutes with respect to appeals are not to be narrowly construed, since they are remedial in their nature. But it does not apply here, because of the provision of the statute which allows appeals from interlocutory orders "in the discretion of said court of appeals, whenever it is made to appear to said court upon petition that it will be in the interest of justice to allow such appeal." This amply protects every person who is injuriously affected by an interlocutory order not clearly falling within some one of the classes mentioned in that part of the statute authorizing appeals without the special permission of this court, and renders unnecessary the application of the rule of interpretation aforementioned.

While it does not affect the questions of law here decided, it may not be amiss to call attention to the fact that since December 4, 1912, there have been seventeen appeals in the case out of which this appeal arose from orders similar to the one under consideration, not to speak of four applications for permission to take special appeals, which were denied. If the case brought to test the validity of the will of Stilson Hutchins was finally

disposed of, there would be an end to appeals of this character. That case, we learn from statements at the bar, was decided by the lower court in July, 1915, and an appeal to this court perfected a short time thereafter. But the record has not been lodged here yet. Even the bill of exceptions has not been settled. It is such lack of expedition, due entirely to the dilatoriness of the parties, that at times brings the courts and the administration of justice under the lash of adverse criticism. The motion is sustained and the *appeal dismissed at the cost of the appellant.*